IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

BRANDON RUNNELS     PLAINTIFFS
104 Stoney Brook Drive
Elizabethtown, Kentucky 42701

AND

LARENA RUNNELS
104 Stoney Brook Drive
Elizabethtown, Kentucky 42701

           Case No.   3:21-CV-82-CHB

v.

           Judge_____

EQUIFAX INFORMATION SERVICES, LLC     DEFENDANTS
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

     SERVE:     CSC-Lawyers Incorporating Service Co.
                   421 W. Main Street
                   Frankfort, Kentucky 40601
                   (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

     SERVE:     The Prentice Hall Corporation System
                   421 W. Main Street
                   Frankfort, Kentucky 40601
                   (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## **VERIFIED COMPLAINT**

Come the Plaintiffs, Brandon and Larena Runnels, and for their Verified Complaint against the Defendants, Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union"), state as follows:

### **I. PRELIMINARY STATEMENT**

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; Equifax's and Trans Union's false reporting of an alleged late status on a zero balance, paid and closed Exeter Finance account; Trans Union's failure to provide Plaintiffs with the results of their dispute, or to even acknowledge receipt of Plaintiffs' disputes, despite Plaintiff's proof of delivery of their dispute letters to Trans Union; Equifax's failure to investigate Plaintiff, Serena Runnels' dispute of a Victoria's Secret account; and Defendants' failure to correct their false reporting on Plaintiffs' credit reports.

### **II. PARTIES**

2. Plaintiff, Brandon Runnels, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 104 Stoney Brook Drive, Elizabethtown, Kentucky 42701. Brandon Runnels is the spouse of Plaintiff, Larena Runnels.

3. Plaintiff, Larena Runnels, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 104 Stoney Brook Drive, Elizabethtown, Kentucky 42701. Serena Runnels is the spouse of Plaintiff, Brandon Runnels.

4. Plaintiffs are "consumers" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

5. Defendant, Equifax, is a corporation organized under the laws of the State of

Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

6. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

7. Equifax is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

8. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

9. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

10. Trans Union is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

10. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Hardin County, Kentucky as a result of the Defendants' doing business in Hardin County, Kentucky.

### IV. FACTUAL BACKGROUND

11. In or around September 2020, Plaintiffs accessed their Equifax and Trans Union credit reports. Plaintiff, Larena Runnels, discovered an inaccurate and derogatory Victoria's Secret account reporting on her Equifax credit report and a zero balance, paid and closed Exeter account

3

reporting as currently past due on her Equifax and Trans Union credit reports. Plaintiff, Brandon Runnels, discovered the above-referenced zero balance, paid and closed Exeter account reporting as currently past due on both his Equifax and Trans Union credit reports.

12. Immediately upon discovering the above-referenced tradelines, Plaintiffs filed written disputes with Equifax and Trans Union regarding the inaccuracy of the tradelines and requesting removal or amendment of the tradelines.

13. Upon information and belief, Equifax and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Victoria's Secret and Exeter of the disputes at or within five (5) days of Equifax's and Trans Union's receiving notice of the disputes from Plaintiff.

14. Plaintiffs received the results of their Equifax dispute in August 2020. Those results indicated that Equifax verified the accuracy of the false and inaccurate Exeter tradeline but failed to investigate Plaintiff, Larena Runnels', dispute of the Victoria's Secret tradeline. Equifax, in fact, reported to Ms. Runnels that the Victoria's Secret account wasn't reporting on Ms. Runnels' Equifax credit report. Plaintiffs, despite their receipt from the USPS of delivery confirmation of their dispute letters to Trans Union in September 2020 never received dispute results from Trans Union. In September 2020, Plaintiffs again accessed their Trans Union credit reports and discovered that the Exeter tradeline was reporting as it had been reporting prior to Plaintiffs' disputes. Trans Union utterly failed to investigate Plaintiffs' disputes despite Trans Union's receipt of Plaintiffs' dispute letters in September 2020.

15. Despite Plaintiffs' lawful request for removal or amendment of the disputed items pursuant to the FCRA, Equifax and Trans Union failed to investigate Plaintiffs' disputes and failed to remove the disputed items from Plaintiffs' credit reports or to amend Plaintiffs' credit reports.

16. Upon information and belief, Equifax and Trans Union did not evaluate or consider any of Plaintiffs' information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items or to amend Plaintiffs' credit reports within a reasonable time following Equifax's and Trans Union's receipt of Plaintiff's disputes.

17. The Defendants' actions have damaged Plaintiffs in that Plaintiffs have been denied credit and/or have been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of the subject tradelines. In addition, the Defendants' violation of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Equifax

18. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19. Equifax's failure to investigate Plaintiffs' disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20. Equifax's failure to evaluate or consider any of Plaintiffs' information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiffs' dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Trans Union**

22. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Trans Union's failure to investigate Plaintiffs' disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24. Trans Union's failure to evaluate or consider any of Plaintiffs' information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiffs' disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

25. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

26. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

27. Equifax's failure to investigate Plaintiffs' disputes and its failure to delete and/or

amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

28. Equifax's failure to investigate Plaintiffs' disputes, its failure to evaluate or consider any of Plaintiffs' information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiffs' disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

29. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages, and for Plaintiffs' attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

30. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

32. Trans Union's failure to investigate Plaintiffs' disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Trans Union's knowledge of the falsity of the disputed items are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

33. Trans Union's failure to investigate Plaintiffs' disputes, its failure to evaluate or consider any of Plaintiffs' information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable

time following Trans Union's receipt of Plaintiffs' disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

34. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages, and for Plaintiffs' attorneys' fees.

WHEREFORE, Plaintiffs, Brandon and Larena Runnels, respectfully demand the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiffs may appear to be entitled.


Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Brandon Runnels, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Brandon Runnels

COMMONWEALTH OF KENTUCKY   )
                           ) SS
COUNTY OF HARDIN           )

Subscribed, sworn to and acknowledged before me by Brandon Runnels this 5th day of February, 2021.

_____
Notary Public RHONDA ROSBOTTOM

Commission expires: March 28, 2022

## VERIFICATION

I, Larena Runnels, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*[signature: Larena Runnels]*
Larena Runnels

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF HARDIN            )

Subscribed, sworn to and acknowledged before me by Larena Runnels this 5th day of February, 2021.

*[signature]*
Notary Public RHONDA ROSBOTTOM
Commission expires: March 28, 2022

10